No. 59725.—R. U. Delapenha & Co., Inc. *v.* United States, protest 213762–K (New York).

DONLON, Judge: By stipulation, dated October 13, 1955, counsel withdrew the previous submission of this case and resubmitted the protest to the third division as now constituted.

The merchandise, subject of this protest, is known commercially as Bar le Duc, which consists of currants seeded by a particular process and immersed in a light sirup, imported from France, and entered for consumption at the port of New York on March 19, 1952. Plaintiff claims that this particular importation of Bar le Duc on March 19, 1952, is dutiable as a jelly or jam under paragraph 751 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, at a rate of 10 per centum ad valorem. The collector classified the merchandise as berries, prepared or preserved, not specially provided for, under paragraph 736 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, dutiable at the rate of 14 per centum ad valorem.

The case was submitted on agreed facts stipulated by counsel. The stipulation reads in part as follows:

\* \* \* said merchandise is similar in all material respects to that which was the subject of Bureau Letter 463.463 dated January 14, 1952 (C. I. E. Circular 15/52), a copy of which is attached hereto, and an abstract of which was printed and published on March 6, 1952, in T. D. 52941 (1), 87 T. D. 64.

Bureau letter 463.463, referred to in the stipulation, was a letter from the Commissioner of Customs to the collector of customs at the port of New York, in which a new administrative ruling was issued for customs classification of Bar le Duc. The generality of the Commissioner's instructions and of the application of the new administrative ruling is evident, both from the general distribution of the letter in a communication of the Customs Information Exchange addressed to customs officers, and by publication of the usual abstract of decision in Treasury Decisions, T. D. 52941 (1), March 6, 1952, addressed to collectors of customs and others concerned.

That the Commissioner understood the force of the new ruling he had made and its consequence, is indicated by language he used in his letter of January 14, 1952, as follows:

\* \* \* the Bureau is of the opinion that Bar le Duc is not a jelly or jam within the purview of paragraph 751 of the Tariff Act of 1930, but a product properly classifiable under paragraph 736 of the tariff act as other berries prepared or preserved, not specially provided for, with duty at the rate of 14 percent ad valorem.

As this ruling will result in the assessment of duty at a rate higher than has heretofore been assessed under a uniform practice, it shall be applied only to such merchandise entered for consumption or withdrawn from warehouse for consumption after 30 days after the publication of an abstract of this decision in the weekly Treasury Decisions.

In the light of the foregoing, certain dates take on importance. The abstract of the Commissioner's decision was published in the weekly Treasury Decisions on March 6, 1952, as the stipulation recites. The merchandise, which is the subject of plaintiff's protest, was entered for consumption on March 19, 1952, as the parties stipulated. That date of entry is, of course, less than 30 days after the date of publication.

Plaintiff argues that, on the date this merchandise was entered, the Commissioner's new ruling had not yet become effective and, therefore, it can not be applied to this merchandise.

We are of opinion that the plaintiff's position is well taken.

Section 315 of the Tariff Act of 1930, as amended by section 6 of the Customs Administrative Act of 1938, provides in part as follows:

* * * No administrative ruling resulting in the imposition of a higher rate of duty or charge than the Secretary of the Treasury shall find to have been applicable to imported merchandise under an established and uniform practice shall be effective with respect to articles entered for consumption or withdrawn from warehouse for consumption prior to the expiration of thirty days after the date of publication in the weekly Treasury Decisions of notice of such ruling; * * *.

Defendant argues that the Secretary of the Treasury made no finding that there was an established and uniform practice of classifying Bar le Duc as jelly or jam and, therefore, there was no requirement under section 315 of the Tariff Act of 1930, as amended, either that the new ruling on classification be published or that a 30-day period after publication should elapse before the new ruling could become effective. The basis on which this argument rests is not made altogether clear. It is asserted, however, that the Commissioner of Customs enunciated his new administrative ruling in a letter written to the collector of customs of the port of New York, in response to a query the Commissioner had received from the collector.

That query was, it appears, the immediate occasion of the Commissioner's review of customs classification status of Bar le Duc. We see nothing in that circumstance that would limit the Commissioner either in making a finding under section 315 or in issuing a new administrative ruling to become effective 30 days after publication. The Commissioner, indeed, stated in precise words that his new administrative ruling would result in the assessment of duty at a rate higher than has heretofore been assessed "under a uniform practice" and that the higher rate should be applied only "to such merchandise entered for consumption or withdrawn from warehouse for consumption after 30 days after the publication of an abstract of this decision in the weekly Treasury Decisions."

Identical language was construed by this court in *Ignaz Strauss & Co., Inc.* v. *United States*, 28 Cust. Ct. 280, C. D. 1423. In that case, the merchandise was miniature replicas of Chinese smoothing irons, formerly classified as copper household utensils under paragraph 339, dutiable at 20 per centum ad valorem. The administrative ruling was that they are classifiable as smokers' articles, not specially provided for, under paragraph 1552, dutiable at 30 per centum ad valorem. The ruling was made in a letter to the collector of customs at Honolulu, 423.372, published in 84 Treas. Dec. 86, T. D. 52171. The following language was included in the published abstract:

* * * As this ruling will result in the assessment of duty at a rate higher than has heretofore been assessed under a uniform practice, it shall be applied only to such or similar merchandise entered for consumption or withdrawn from warehouse for consumption after 30 days after this abstract is published in the weekly Treasury Decisions. *Bureau letter to collector of customs, Honolulu, T. H., March 2, 1949.* (423.372) [Italics supplied.]

The court, in the *Ignaz Strauss* case, *supra*, construed the new administrative ruling, stating at pages 286, 287:

From this statement it appears that the Department found that there had been a uniform practice of classifying miniature Chinese smoothing irons as household utensils under paragraph 339. Section 315 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, provides:

* * * No administrative ruling resulting in the imposition of a higher rate of duty or charge than the Secretary of the Treasury shall find to have been applicable to imported merchandise under an established and uniform practice shall be effective with respect to articles entered for consumption or withdrawn from warehouse for consumption prior to the expiration of thirty days after the date of publication in the weekly Treasury Decisions of notice of such ruling; * * *.

In the instant case, it appears that all of the articles listed on plaintiff's collective illustrative exhibit D were entered prior to March 14, 1949. By reason of the provisions of section 315, as amended, *supra*, and by the terms of T. D. 52171 (2), the higher rate of duty authorized in the administrative ruling could not become effective until 30 days after publication in the weekly Treasury Decisions. While the liquidation of the entries involved took place after the effective date of the administrative ruling, the higher rate specified was not applicable, since all the merchandise had been entered prior to the publication of the ruling. See *Baker, Lyman & Co., Inc.* v. *United States*, 24 Cust. Ct. 113, 119–120, C. D. 1218.

In the statement published in T. D. 52941 (1), March 6, 1952, with respect to Bar le Duc, the Department found there had been a uniform practice of classifying Bar le Duc as jelly or jam under paragraph 751 and issued a new ruling requiring customs officers to classify Bar le Duc as berries, prepared or preserved, not specially provided for, under paragraph 736. The merchandise in the instant case was entered on March 19, 1952, which is less than 30 days after publication of the ruling. Section 315, as amended, provides that the higher rate of duty authorized in the administrative ruling could not become effective until 30 days after the publication. This the Commissioner clearly recognized. The higher rate, therefore, does not apply to the instant merchandise.

The protest is sustained. Judgment will be rendered for the plaintiff.